**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10299 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00017-1 |
| v. | |
| BIHNO M. TANAKA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted June 17, 2010
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and CLIFTON, Circuit Judges.

Bihno M. Tanaka pled guilty to aiding and assisting in the filing of false and

fraudulent federal income tax returns in violation of 26 U.S.C. § 7206(2). He

appeals his 15-month sentence, arguing that the district court committed several

significant procedural errors in sentencing and that the sentence was procedurally

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and substantively unreasonable. He also argues that the district court erred in imposing two overbroad conditions of supervised release. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

The district court did not fail to adequately explain its sentence, treat the Sentencing Guidelines as presumptively reasonable, fail to properly weigh relevant statutory factors, or base its sentence on an erroneous fact. A district court need not explain its reasons in detail where context and the record make clear what reasoning underlies the judge's conclusion, as in Tanaka's case. United States v. Treadwell, 593 F.3d 990, 1010 (9th Cir. 2010).

The Guidelines are the "starting point and the initial benchmark" in sentencing proceedings and are to be kept in mind by the court throughout the process. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008). The record does not support a conclusion that the district court exceedingly relied on the Guidelines simply because Tanaka's sentence is only slightly below the Guidelines range. The district court need not tick off each of the 18 U.S.C. § 3553(a) factors to show that it has considered them. Id. at 992. Nor need the district court articulate in a vacuum how each § 3553(a) factor influenced its determination of an appropriate sentence. Id. The record shows that the district court considered the relevant § 3553(a)

2

factors – for example, that Tanaka had a large family that depended on him, that he had many letters of support from the community, and that he had provided substantial assistance to the IRS – but ultimately concluded that the Tanaka's crime was serious enough to warrant a sentence of 15 months imprisonment. Finally, the district court's brief and mistaken comment that Tanaka participated in an "international scheme" did not appear to provide the basis for the ultimate sentence imposed, and thus did not amount to a procedural error. Id. at 993 ("It would be procedural error for a district court . . . to choose a sentence based on clearly erroneous facts." (emphasis added)). Even if it did, this isolated erroneous comment was harmless and thus does not require a remand.

In determining substantive reasonableness, we consider the totality of the circumstances, including degree of variance for a sentence imposed outside the Guidelines range. Id. at 993. For a non-Guidelines sentence, we give due deference to the district court's decision that the §3553(a) factors justify the extent of the variance. Id.

Tanaka's sentence reflects the district court's consideration of the §3553(a) factors. It was not an abuse of discretion for the district court to decide that Tanaka's case was not so atypical as to require a larger variance from the

3

recommended Guidelines range. The district court's already below-Guidelines sentencing decision was not unreasonable.

A district court enjoys wide discretion to impose conditions of supervised release as long as the conditions imposed are "reasonably related to the goal of deterrence, protection of the public, or the rehabilitation of the offender." United States v. T.M., 330 F.3d 1235, 1240 (9th Cir. 2003). The two challenged conditions of supervised release are not vague, nor are they particularly demanding, even if the requirements are read in their most severe interpretations. Furthermore, supervised release provisions are generally read to exclude inadvertent violations. United States v. Soltero, 510 F.3d 858, 867 (9th Cir. 2007). There is not a wide range of reasonable interpretations for the conditions in question. The conditions are no more vague than the other unchallenged standard conditions imposed, and people of common intelligence who interpret the terms in accordance with their common meaning should not fail to understand what is required.

**AFFIRMED.**